**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| JUAN ANTONIO SANDOVAL CRUZ, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Case No. 6:26-cv-00157-JDL |
| | § | |
| FIRST ADVANTAGE BACKGROUND | § | |
| SERVICES CORP., | § | |
| | § | |
| Defendant. | § | |
| | § | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER**
**DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant FIRST ADVANTAGE BACKGROUND SERVICES CORP., by its attorneys

and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers

Plaintiff's Complaint and asserts its affirmative and other defenses as follows:

**Introduction**

**COMPLAINT ¶1:**

Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), Plaintiff
brings this action against Defendant First Advantage Background Services Corp. ("First
Advantage" or the "CRA Defendant") to recover actual, statutory, and punitive damages. In
addition, Plaintiff is entitled to an award of costs and attorney's fees in this statutory fee-shifting
action.

**ANSWER:**

First Advantage admits that Plaintiff brings this action under the Fair Credit Reporting

Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") to recover his alleged damages.  First Advantage denies

that it violated the FCRA, and further denies that Plaintiff is entitled to any relief whatsoever.

First Advantage denies the remaining allegations in Paragraph No. 1 of the Complaint.

**Jurisdiction and Venue**

**COMPLAINT ¶2:**

The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.

**ANSWER:**

First Advantage admits the allegations in Paragraph No. 2 of the Complaint.

**COMPLAINT ¶3:**

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

**ANSWER:**

First Advantage admits that venue is proper in this judicial district.  First Advantage

denies the remaining allegations in Paragraph No. 3 of the Complaint.

**COMPLAINT ¶4:**

A substantial portion of the harm Defendant caused Plaintiff due to its FCRA violations was suffered by Plaintiff in this District.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 4 of the Complaint.

**The Parties**

**COMPLAINT ¶5:**

Plaintiff is an individual and "consumer" within the meaning of the FCRA. Plaintiff resides in Frankston, Texas.

**ANSWER:**

Upon information and belief, First Advantage admits the allegations in Paragraph No. 5

of the Complaint.

**COMPLAINT ¶6:**

Defendant First Advantage is a foreign entity that conducts business in the State of Texas, and is a "consumer reporting agency" within the meaning of the FCRA.

**ANSWER:**

First Advantage admits that it does business in the State of Texas and further admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only.  First Advantage denies the remaining allegations in Paragraph No. 6 of the Complaint.

**Plaintiff's Claims Against Defendant Pursuant to
the Fair Credit Reporting Act**

**COMPLAINT ¶7:**

Plaintiff is a victim of a mixed file.[1]

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 7 of the Complaint.

**COMPLAINT ¶8:**

On or around February 11, 2026, Plaintiff applied for a position with a company doing business as Tailored Foam, Inc. ("Tailored Foam").

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 8 of the Complaint.

**COMPLAINT ¶9:**

As part of Plaintiff's employment application, Tailored Foam contacted First Advantage to obtain a background check report.

**ANSWER:**

First Advantage admits that Tailored Foam ordered a background report on Plaintiff from First Advantage in March 2026.  First Advantage denies the remaining allegations in Paragraph No. 9 of the Complaint.

---

[1] A mixed file refers to a situation in which one or more consumer reporting agencies mix or merge the information of more than one consumer into a single consumer file.

**COMPLAINT ¶10:**

The background check report First Advantage published to Tailored Foam incorrectly stated that Plaintiff had a criminal conviction ("False Conviction").

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 10 of the Complaint.

**COMPLAINT ¶11:**

Plaintiff has no criminal history.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 11 of the Complaint.

**COMPLAINT ¶12:**

Upon information and belief, the False Conviction belongs to a different individual with whom Plaintiff was mixed.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 12 of the Complaint.

**COMPLAINT ¶13:**

Because First Advantage published the False Conviction to Tailored Foam, Plaintiff was denied a position.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 13 of the Complaint.

**COMPLAINT ¶14:**

First Advantage's publication defamed Plaintiff, thereby:

a.  Giving Tailored Foam the false impression that Plaintiff was a poor employment risk.

b.  Impugning Plaintiff's reputation and character.

c.  Causing Plaintiff to suffer substantial emotional distress as described herein.

d.  Causing Plaintiff to suffer lost wages.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 14 of the Complaint.

### *Damages*

**COMPLAINT ¶15:**

At all times pertinent hereto, the conduct of First Advantage and its agents was malicious, intentional, willful, reckless, and in wanton disregard for the rights of Plaintiff pursuant to the FCRA.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 15 of the Complaint.

**COMPLAINT ¶16:**

In the alternative, the conduct of First Advantage and its agents was in negligent disregard of the rights of Plaintiff pursuant to the FCRA.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 16 of the Complaint.

**COMPLAINT ¶17:**

First Advantage, as a direct and proximate result of its unlawful actions, conduct, and omissions, published inaccurate information about Plaintiff to one or more third parties.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 17 of the Complaint.

**COMPLAINT ¶18:**

First Advantage's publication of inaccurate information about Plaintiff caused Plaintiff to suffer damages cognizable pursuant to the FCRA, including but not necessarily limited to the following:

    a.    Plaintiff suffered substantial emotional distress. That emotional distress includes ongoing stress and anxiety. Plaintiffs emotional distress has manifested itself through a variety of symptoms, including headaches, difficulty sleeping, frustration, humiliation, apprehension about applying for employment, and depression.

b.    Plaintiff was defamed by First Advantage, which published false information about Plaintiff that damaged Plaintiffs reputation. Such defamation further contributed to, among other things, Plaintiffs ongoing emotional distress.

c.    Plaintiff also suffered lost wages.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 18 of the Complaint.

**COMPLAINT ¶19:**

The damages Plaintiff suffered are cognizable actual damages under the Fair Credit Reporting Act.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 19 of the Complaint.

**COMPLAINT ¶20:**

Because of Defendant's willful violations of the fair credit laws, Plaintiff is entitled to an award of actual damages (or statutory damages), such punitive damages as the Court may allow, and Plaintiff's costs and reasonable attorney's fees.[2]

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 20 of the Complaint.

<u>**Cause of Action**</u>
**Violation of the FCRA by First Advantage**
**(Consumer Reporting Agency)**

*Violation of FCRA § 1681e(b)*

**COMPLAINT ¶21:**

First Advantage violated FCRA § 1681e(b) by preparing and publishing one or more inaccurate consumer reports about Plaintiff to one or more third parties because First Advantage did not follow reasonable procedures to assure maximum possible accuracy of information it reported about Plaintiff. Those consumer reports, upon information and belief, contained inaccurate information about Plaintiff, including but not necessarily limited to the False Conviction.

---

[2] Even if a jury finds that a Defendant's unlawful conduct was merely negligent, Plaintiff would still be entitled to an award of actual damages, costs, and reasonable attorney's fees in this fee-shifting action.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 21 of the Complaint.

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages and equitable relief against Defendant:

1.    Awarding against Defendant actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o.

2.    Such other and further relief as may be necessary, just, and proper.

**ANSWER:**

Plaintiff's allegations constitute a prayer for relief requiring neither an admission nor a denial by First Advantage.  To the extent an answer is required, First Advantage denies that Plaintiff is entitled to any relief whatsoever.

### Demand For Jury Trial

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

**ANSWER:**

First Advantage admits that Plaintiff demands a trial by jury on issues so triable.

### AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff is not entitled to punitive damages because First Advantage engaged in good faith efforts to comply with the FCRA, First Advantage's reading of its obligations under the FCRA was and is objectively reasonable, and any purported violations were not willful.

### SECOND DEFENSE

To the extent Plaintiff has failed to mitigate his alleged damages, any recovery should be reduced accordingly.

7

Respectfully submitted,

FIRST ADVANTAGE BACKGROUND
SERVICES CORP.


By:  */s/ Emma C. Mata*
    Emma C. Mata
    Texas Bar No. 24029470
    emata@seyfarth.com
    SEYFARTH SHAW LLP
    700 Milam Street
    Suite 1400
    Houston, Texas 77002-2812
    Telephone: (713) 225-2300
    Facsimile:  (713) 225-2340

Attorneys for Defendant

Date: June 4, 2026

8

## CERTIFICATE OF SERVICE

I hereby certify that, on June 4, 2026, the foregoing document was filed using the electronic filing system, which will transmit a notice of filing to all counsel of record.

*/s/ Emma C. Mata*
Emma C. Mata

325533350v.1